**EXHIBIT "A"**

 **CT Corporation**

**Service of Process Transmittal**
02/18/2022
CT Log Number 541085090

**TO:** Brenda Dalusong
NBCUniversal Media, LLC
100 Universal City Plz # 1280/9
Universal City, CA 91608-1002

**RE:** **Process Served in California**

**FOR:** Universal City Studios LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BLANCA A. CASTRO ORTIZ // To: Universal City Studios LLC |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, COVER SHEET, NOTICE, ATTACHMENT(S) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 22STCV03745 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/09/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/18/2022 at 01:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey M. Yoss<br>LAW OFFICES OF JEFF M. YOSS, APC<br>2825 E. Tahquitz Canyon Way, Suite B-109<br>Palm Springs, CA 92262<br>(760) 322-6690 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2022, Expected Purge Date: 02/24/2022 |
| | Image SOP |
| | Email Notification,  Brenda Dalusong  Brenda.Dalusong@nbcuni.com |
| | Email Notification,  Daniel Kummer  Daniel.Kummer@nbcuni.com |
| | Email Notification,  Erik Bierbauer  Erik.Bierbauer@nbcuni.com |
| | Email Notification,  Jorge Mendez  Jorge.Mendez@nbcuni.com |
| | Email Notification,  Ryan Waters  ryan.waters@universalorlando.com |
| | Email Notification,  Shannon Alexander  shannon.alexander@nbcuni.com |
| | Email Notification,  Ted Ragsac  ted.ragsac@nbcuni.com |
| | Email Notification,  Vivian Volker  Vivian.Volker@UniversalOrlando.com |

Page 1 of  2 / AP

CHUNG DECL EX A 001

 CT Corporation

**Service of Process Transmittal**
02/18/2022
CT Log Number 541085090

**TO:**   Brenda Dalusong
NBCUniversal Media, LLC
100 Universal City Plz # 1280/9
Universal City, CA 91608-1002

**RE:**   **Process Served in California**

**FOR:**   Universal City Studios LLC  (Domestic State: DE)

Email Notification,  Kimberly Andrick  kimberly_andrick@comcast.com

Email Notification,  Michael Dickert  michael_dickert@comcast.com

Email Notification,  Deborah Saunders  deborah_saunders@comcast.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CHUNG DECL EX A 002

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Feb 18, 2022

**Server Name:** JOSE SORIANO

| Entity Served | UNIVERSAL CITY STUDIOS LLC |
|---|---|
| Case Number | 22STCV03745 |
| Jurisdiction | CA |



CHUNG DECL EX A 003

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 02:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

22STCV03745

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Universal City Studios, LLC and Does 1 through 15, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Blanca A. Castro Ortiz, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:**<br>*(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 22STCV03745 |

Superior Court of California, County of Los Angeles
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90012
Stanley Mosk

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeff M. Yoss, Esq. 158977 760-322-6690 760-322-1805
The Law Office of Jeff M. Yoss, APC
2825 E. Tahquitz Canyon Way, Ste B-109 Palm Springs, CA 92262

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 01/31/2022 | Clerk, by | R. Clifton | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Universal City Studios, LLC**
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

CHUNG DECL EX A 004

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 02:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV03745

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

**LAW OFFICES OF JEFF M. YOSS, APC**
Jeffrey M. Yoss, Esq., State Bar No. 158977
2825 E. Tahquitz Canyon Way, Suite B-109
Palm Springs, CA 92262
Telephone: (760) 322-6690
Facsimile: (760) 322-1805

Attorneys for Plaintiff
BLANCA A. CASTRO ORTIZ

## SUPERIOR COURT OF STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BLANCA A. CASTRO ORTIZ, an individual | CASE NO.: 22STCV03745 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | **1. NEGLIGENCE**<br>**2. PREMISES LIABILITY** |
| UNIVERSAL CITY STUDIOS, LLC and Does 1 through 15, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

**COMES NOW PLAINTIFF BLANCA A. CASTRO ORTIZ** and complains and alleges as follows:

1. Plaintiff Blanca A. Castro Ortiz (hereinafter "Plaintiff") is and was at all relevant times a resident of Mecca, County of Riverside, State of California.

2. Plaintiff is informed and believes, and based on such information and belief, alleges, that at all times herein mentioned, defendant Universal City Studios, LLC (hereinafter "Universal Studios") was a corporation in good standing and licensed to operate in the County of Los Angeles.

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants, Does 1 THROUGH 15, inclusive, are unknown to plaintiff, who sues said defendants by such fictitious names, and plaintiff asks leave to amend this complaint to insert the true names when they are known. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as a

1 │ Doe is responsible, negligently, or some other manner, for the events and happenings herein referred to
2 │ and thereby approximately causing injury and damages to plaintiff, as herein alleged.

3 │     4.     Plaintiff is informed and believes and thereon alleges that the defendants, and each of
4 │ them, were the agents, servants, employees, and joint venturers of the other named defendants, and were
5 │ acting at all times within the scope of their agency, employment, and joint venture, and with the
6 │ knowledge and consent of their principals and employers.

7 │     5.     On or about February 9, 2020, Plaintiff, went with her fiancee at the time, to Universal
8 │ Studios and intended to watch an animal act at the Animal Show.

9 │     6.     While walking up the stairs to the bleachers at the Animal Show to be seated, Plaintiff
10 │ decided to go one row down, as she turned to go down she slipped on the wet slippery steps which
11 │ caused her to fall on the concrete floor and caused her left foot to slide under the bleachers.

12 │     7.     The steps and the area where Plaintiff fell were wet and slippery, and there were no signs
13 │ or warnings to indicate the area was wet and slippery.

14 │     8.     Plaintiff further believes that the strip at the end of the staircase where she fell was warn
15 │ off and there were no railings in place where Plaintiff could have used to steady herself as she slipped.

16 │     9.     Plaintiff also believes and alleges that it had been raining and Defendants, and each of
17 │ them, failed to take any precautionary measures to clean up the slippery area or take any other reasonable
18 │ measures and thereby created an unsafe condition for invitees or attendees at the Animal Show.

19 │     10.     As a direct and proximate result of the negligence of Defendants, and each of them,
20 │ Plaintiff suffered a right ankle bimalleolar fracture requiring open reduction surgery and internal fixation.

21 │     11.     As a direct and proximate result of the negligence of Defendants, and each of them,
22 │ Plaintiff has incurred medical costs and billings far in excess of this court's minimum jurisdictional
23 │ requirements.

24 │     12.     As a direct and proximate result of the negligence of Defendants, and each of them,
25 │ Plaintiff has incurred out of pocket expenses and loss of income.

26 │     13.     As a direct and proximate result of the negligence of Defendants, and each of them,
27 │ Plaintiff has also suffered general damages, including pain and suffering and to be shown according to
28 │ proof.

CHUNG DECL EX A 006

### (First Cause of Action)
### NEGLIGENCE

14.     Plaintiff refers to allegations of paragraphs 1 through 13, inclusive, and incorporates them by reference as though fully set forth herein.

15.     As stated above, Defendants, and each of them, created an unsafe condition by failing to properly maintain the area at the Animal Show where Plaintiff slipped and fell.

16.     As further stated above, the negligent acts of Defendant, included, but are not limited to, the failure to take reasonable measures to ensure that area was safe for unsuspecting invitees or attendees at the Animal Show.

17.     Plaintiff believes and alleges that these negligent acts by Defendants, and each of them, included the failure to clean up or cordon off the area or issue warnings that the steps were wet and slippery, and the failure to keep the steps in good repair, as well as the failure to have a railing in place at the location where she fell.

18.     As a direct and proximate result of the negligent acts of Defendants, and each of them, Plaintiff slipped and fell and her left leg slid under the bleachers causing her to sustain physical injuries.

19.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred medical expenses, out of pocket expenses, loss of income and general pain and suffering as set forth above.

### (Second Cause of Action)
### PREMISES LIABILITY

20.     Plaintiff refers to allegations of paragraphs 1 through 19, inclusive, and incorporates them by reference as though fully set forth herein.

21.     As stated above, Defendants, and each of them, created an unsafe condition by failing to properly maintain the area creating an unsafe condition for invitees or attendees of the Animal Show.

22.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred medical expenses, out of pocket expenses, loss of income and general pain and suffering as set forth above.

///

///

CHUNG DECL EX A 007

1     **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them as follows:

2     1.     For all Special Damages, according to proof at trial;

3     2.     For all General Damages, according to proof at trial;

4     3.     For interest at the maximum legal rate;

5     4.     Costs of suit incurred herein; and

6     5.     For such other and further relief as the court deems just and proper.

7

8   DATED: January 31, 2022                   LAW OFFICE OF JEFF M. YOSS, APC

9

10                               BY: _____

11                                   JEFF M. YOSS<br>                                  Attorney for Plaintiff,<br>                                  BLANCA A. CASTRO ORTIZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHUNG DECL EX A 008

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 02:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
22STCV03745

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeff M. Yoss, Esq. 158977<br>2825 E. Tahquitz Canyon Way, Ste B-109<br>Palm Springs, CA 92282<br>    TELEPHONE NO.: 760-322-6690        FAX NO. *(Optional)*: 760-322-1805<br>    E-MAIL ADDRESS: lisa@yosslaw.com<br>    ATTORNEY FOR *(Name)*: Plaintiff, Blanca A. Castro Ortiz | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles — 90012
BRANCH NAME: Stanley Mosk

**CASE NAME:**
Blanca A. Castro Ortiz v Universal City Studios, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000) | ☐ Counter      ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV03745<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☒ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Two (2)
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 31, 2022

Jeff M. Yoss, Esq.                                    ► [signature] oy
_____(TYPE OR PRINT NAME)_____                SIGNATURE OF PARTY OR ATTORNEY FOR PARTY

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

American LegalNet, Inc.
www.FormsWorkFlow.com

CHUNG DECL EX A 009

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkFlow.com

Page 2 of 2

CHUNG DECL EX A 010

| SHORT TITLE: Blanca A. Castro Ortiz v Universal City Studios, LLC, etal. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, (11)<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

CHUNG DECL EX A 011

| SHORT TITLE: Blanca A. Castro Ortiz v Universal City Studios, LLC, etal. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice <br> ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 <br> 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case <br> ☐ A6109  Labor Commissioner Appeals | 1, 2, 3 <br> 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) <br> ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) <br> ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) <br> ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5 <br> 2, 5 <br> 1, 2, 5 <br> 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff <br> ☐ A6012  Other Promissory Note/Collections Case <br> ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 <br> 5, 11 <br> 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud <br> ☐ A6031  Tortious Interference <br> ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5 <br> 1, 2, 3, 5 <br> 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure <br> ☐ A6032  Quiet Title <br> ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 <br> 2, 6 <br> 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM <br> AND STATEMENT OF LOCATION**

CHUNG DECL EX A 012

| SHORT TITLE: Blanca A. Castro Ortiz v Universal City Studios, LLC, etal. | | CASE NUMBER | |
|---|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐  A6008  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages<br>☐  A6123  Workplace Harassment With Damages<br>☐  A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name/Change of Gender<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

CHUNG DECL EX A 013

| SHORT TITLE: Blanca A. Castro Ortiz v Universal City Studios, LLC, etal. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ▢ 1. ▢ 2. ▢ 3. ▢ 4. ▢ 5. ▢ 6. ▢ 7. ▢ 8. ▢ 9. ▢ 10. ▢ 11. | | | 100 Universal City Plz |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Universal City | CA | 91608 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk/Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/31/22

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

CHUNG DECL EX A 014

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/31/2022 |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV03745 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William A. Crowfoot | 27 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 01/31/2022                         By R. Clifton _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

CHUNG DECL EX A 015

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

CHUNG DECL EX A 016

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY<br>COURT ("PI COURT") PROCEDURES<br>SPRING STREET COURTHOUSE<br>(EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: 22STCV03745<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS
REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____07/17/2023_____ AT 10:00 A.M.

**TRIAL:**

DATE: _____07/31/2023_____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

DATE: _____01/27/2025_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

CHUNG DECL EX A 017

1.    To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐    A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
☐    A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
☐    A7260 Product Liability (not asbestos or toxic/environmental)
☐    A7210 Medical Malpractice – Physicians & Surgeons
☐    A7240 Medical Malpractice – Other Professional Health Care Malpractice
☐    A7250 Premises Liability (e.g., slip and fall)
☐    A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
☐    A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

CHUNG DECL EX A 018

2020-SJ-002-00

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change. To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date. Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

CHUNG DECL EX A-019

1  FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2  parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties

3  may submit a maximum of two stipulations to continue trial, for a total continuance of six

4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5  noticed motion. This rule is retroactive so that any previously granted stipulation to continue

6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.      The PI Courts do not conduct case management conferences. The parties need not file a

9  Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

CHUNG DECL EX A 020

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court
4   immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the
5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to
6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not
7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to
10  resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another
11  attorney with full authority to make binding agreements, must attend in person. The PI judges
12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance
13  of the Court.

14  13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to
15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that
16  the opposing party has failed or refused to participate in an IDC. Scheduling or participating in
17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for
18  noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a
19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because
20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for
21  filing a motion to compel further discovery responses in order to allow time to participate in an
22  IDC.

23      If parties do not stipulate to extend the deadlines, the moving party may file the motion
24  to avoid it being deemed untimely. However, the IDC must take place before the motion is
25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
26  60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
27  Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance
28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse
CHUNG DECL EX A 021

2020-SJ-002-00

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial. Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

CHUNG DECL EX A 022

2020-SJ-002-00

1    whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2    the number of pretrial hearings or the complexity of issues presented.

3    18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4    the same LACIV 238 Motion to Transfer form).

5    19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6    the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7    will make an independent determination whether to transfer the case or not.

8    **FINAL STATUS CONFERENCE**

9    20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10   Re Final Status Conference, which shall be served with the summons and complaint.

11   **JURY FEES**

12   21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13   complaint (C. C. P. § 631, subd. (c)(2)).

14   **JURY TRIALS**

15   22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16   Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17   will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18   Courtrooms.

19   **SANCTIONS**

20   23.    The Court has discretion to impose sanctions for any violation of this general order

21   (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24   Dated:  Feb. 24, 2020

25   SAMANTHA P. JESSNER
     Supervising Judge of Civil Courts

26

27

28

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

CHUNG DECL EX A 023

**FILED**
Superior Court of California
County of Los Angeles

2021-SJ-018-00

**OCT 0 8 2021**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Consila Adano

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE |

    In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

1.    **ELECTRONIC TRIAL BINDERS**

    As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

CHUNG DECL EX A 024

1  **2.   REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

2  At least two court days before the FSC, parties/counsel must submit via email a joint

3  electronic trial binder to the courtroom conducting the FSC as follows:

4   a. The parties/counsel must submit in one PDF the joint statement of the case,

5     joint witness list, joint list of jury instructions, full-text joint and contested jury

6     instructions, joint and/or contested verdict form(s), joint exhibit list, and joint

7     deposition designation chart as listed in paragraph 4 of the Operative PI FSC

8     Order.

9   b. The trial briefs and motions in limine, oppositions, and replies, if any, must be

10    submitted in a separate PDF.

11  c. The PDFs must be text searchable.

12  d. The PDFs must be bookmarked which is essentially an electronic tab so that

13    the FSC judge can easily find and navigate among the trial documents.

14    (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-

15    pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking

16    instructions).

17  e. The PDFs must be emailed to the applicable email address listed below:

18    Department 27 at sscdept27FSC@LACourt.org

19    Department 28 at sscdept28FSC@LACourt.org

20    Department 29 at sscdept29FSC@LACourt.org

21    Department 30 at sscdept30FSC@LACourt.org

22    Department 31 at sscdept31FSC@LACourt.org

23    Department 32 at sscdept32FSC@LACourt.org

24  f. The subject line in the email must include identifying case information as

25    follows:

26    [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of

27    Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

28

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

CHUNG DECL EX A 025

g.  Each email should have two PDFs attached – one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h.  The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

3.  **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer). In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated: 10/8/2021

David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

CHUNG DECL EX A 026

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Conchita Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1.    PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

CHUNG DECL EX A 027

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

CHUNG DECL EX A 028

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

Page 3 of 5

CHUNG DECL EX A 029

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.      **EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

4.      **TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

CHUNG DECL EX A 030

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and

Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,

answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.      **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: ___Feb. 24, 2020___

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

CHUNG DECL EX A 031

**FILED** 2021-SJ-008-00
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES<br>ASSIGNED TO PERSONAL INJURY<br>COURTROOMS AT THE SPRING STREET<br>COURTHOUSE | SIXTH AMENDED STANDING ORDER<br>RE: MANDATORY SETTLEMENT<br>CONFERENCE<br>(Effective June 21, 2021) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

> 1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

CHUNG DECL EX A 032

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: 6/23/21

Judge David J. Cowan
Supervising Judge, Civil Division

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

### THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   ### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   ### Mediation may <u>not</u> be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 1 of 2

CHUNG DECL EX A 034

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CHUNG DECL EX A 035

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **JEFFREY YOSS SBN 158977**<br>**Law Office of Jeff M Yoss, APC**<br>**2825 E Tahquitz Canyon Way Suite B-109**<br>**Palm Springs, CA 92262**<br><br>TELEPHONE NO.:  **(760) 322-6690**          FAX NO. (Optional):<br><br>E-MAIL ADDRESS (Optional): **jyoss@yosslaw.com**<br>ATTORNEY FOR (Name):      **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)**
STREET ADDRESS:  111 N Hill St
MAILING ADDRESS:  111 N Hill St
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)

| PLAINTIFF/PETITIONER:  Blanca A Castro Ortiz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Universal City Studios, LLC | 22STCV03745 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Castro |
|---|---|

(Separate proof of service is required for each party served.)

**FILE BY FAX**

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of: ***Summons and Complaint; Civil Case Cover Sheet; Notice of Case Assignment; First Amended Standing Order Re: Personal Injury Procedures; Second Amended Supplemental Standing Order Re Covid; Third Amended Standing Order Re: Final Status Conference; Sixth Amended Standing Order Re: Mandatory Settlement Conference ; ADR Information Packet***

3.   a.  Party served (specify name of party as shown on documents served): ***Universal City Studios, LLC***

    b.  ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
**C T CORPORATION SYSTEM  - Authorized Agent for Service of Process**
*SARAI MARIN - INTAKE SPECIALIST*
*Gender: Female Age: 25 Height: 5'2" Weight: 130 Race: HISPANIC Hair: BROWN Other:*

4.   Address where the party was served: ***330 N Brand Blvd, Ste 700 Glendale, CA 91203***

5.   I served the party (check proper box)
    a.  ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **2/18/2022** (2) at: **12:26 PM**
    b.  ☐   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      (1)  ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2)  ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3)  ☐   **(physical address unknown)** a person of at least 18 years of  age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4)  ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
        on:          from:          **or** ☐ a declaration of mailing is attached.

**Page 1 of 2**

POS-010 [Rev. January 1, 2007]                                    **PROOF OF SERVICE OF SUMMONS**

**Invoice # 5542039**

CHUNG DECL EX A 036